UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KAITLIN GRACE LEE,            )
                              )
        Petitioner,            )
                              )
v.                            )           No. 1:19-CV-00199-JRG-SKL
                              )
CHRIS MCBEE,                  )
                              )
        Respondent.            )

## **MEORANDUM OPINION**

Petitioner Kaitlin Grace Lee is a Missouri inmate proceeding pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Having considered the pleadings, the relevant records, and the applicable law, the Court finds the petition should be denied.

### I. BACKGROUND & PROCEDURAL HISTORY

On March 31, 2016, the General Sessions Court of Meigs County, Tennessee, issued arrest warrants for Petitioner in Case No. 2016-CR-165 based on affidavits of complaint for theft of property valued between $10,000 and $60,000, and for passing a worthless check [Doc. 14 at 8, 10]. On September 20, 2018, the Meigs County Sheriff's Department lodged a detainer for Petitioner with the Chillicothe Correctional Center, as Petitioner is currently incarcerated on a Missouri judgment and held in the custody of the Missouri Department of Corrections [Doc. at 12, 62; Doc. 14 at 7]. On September 27, 2018, Petitioner was provided and signed Form I, which advised her of the detainer and of her rights under the Interstate Agreement on Detainers ("IAD") [Doc. 14 at 5-6].

---

[1] Petitioner filed her petition under 28 U.S.C. § 2254, but as her challenge is not to her Missouri judgment of conviction, but rather, to constitutional violations related to a Tennessee detainer, the Court construes the petition under § 2241 [*See* Doc. 13 at 1 n.1]. However, the Court expressly finds, for reasons as set forth *infra*, that its decision would not be altered by consideration of the petition under § 2254.

On June 11, 2019, Petitioner filed a federal habeas petition, which she later amended, alleging that Tennessee's failure to commence prosecution on her Meigs County charges violates her Sixth Amendment right to a speedy trial and her Eighth Amendment right to be free from cruel and unusual punishment [*See* Doc. 11 at 5-6]. The Court ordered Respondent to file a response to the petition, and Respondent complied by filing its answer on September 23, 2019 [Doc. 15]. Petitioner filed a reply to the answer on October 3, 2019 [Doc. 18]. This matter is ripe for review.

## II.   RELEVANT LAW

Federal courts have authority to issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). While prisoners challenging their confinement pursuant to a State-court judgment generally must bring their claims under 28 U.S.C. § 2254, the Sixth Circuit has recognized that some claims for pre-trial constitutional deprivations may be brought under 28 U.S.C. § 2241. *See Phillips v. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012) (noting challenges to pretrial detention are pursued under § 2241). However, like petitions filed under § 2254, petitions under § 2241 must be exhausted in State court before federal relief is contemplated. *See id.* at 810 n.4.

The IAD "is a compact entered into by 48 States, the United States, and the District of Columbia, to establish procedures for resolution of one State's outstanding charges against a prisoner of another State." *New York v. Hill*, 528 U.S. 110, 111 (2000). The IAD provides two mechanisms for the disposition of pending charges – one initiated by the prisoner and one initiated by the prosecutor. *Id.* at 112 (discussing Articles III and IV of the IAD). A habeas petitioner has not exhausted her available remedies for claims alleging delay in prosecution until she has triggered final disposition under the IAD. *Norton v. Parke*, 892 F.2d 476, 480 (6th Cir. 1989) (holding "that it is in the interest of sound judicial administration, and consistent with established

2

principles, to require that. . . prisoners challenging extradition actions pursue the remedies provided by the IAD before seeking habeas relief in federal court").

In order to exhaust her remedies under the IAD, a petitioner must make a written request to the warden requesting final disposition of her pending charges. *See* Tenn. Code Ann. § 40-31-101, Art. III. Strict compliance with the IAD is required for a prisoner to trigger final disposition. *Norton*, 892 F.2d at 480-81.

## III. DISCUSSION

### A. Exhaustion

Attached to the instant petition, as amended, are numerous copies of Petitioner's alleged correspondence to both the prosecutor and the Meigs County Courts [Doc. 11 at 32, 40, 52-63, 67-71]. Petitioner argues that she has been prevented from exhausting her claims in State court because her pro se filings were not actually filed by the court clerk [*Id*. at 3, 5-8, 11]. However, these efforts are the proper mechanisms to trigger prosecution under the IAD. *See United States v. Martinez*, 59 F. App'x 638, 643-44 (6th Cir. 2003) (discussing strict compliance with IAD and concluding that pro se letters to trial court did not trigger final disposition under Article III of IAD). Therefore, Petitioner's claims are unexhausted.

The Court notes that, in order to trigger her rights, Petitioner need only make a request to the warden and sign Form II, which will then require the State to bring her to trial within 180 days of the date the prosecutor and trial court receive notice of her request from the warden. *See Fex v. Michigan*, 507 U.S. 43, 52 (1993); *see also* Tenn. Code Ann. § 40-31-101. Once the prosecution in State court commences, Petitioner will have the opportunity to assert her claims.

### B. Merits

The Sixth Amendment right to a speedy trial "usually attaches when the defendant is arrested or indicted, whichever is earlier." *Brown v. Romanowski*, 845 F.3d 703, 712-13 (6th Cir.

3

2017) (citing *United States v. Marion*, 404 U.S. 307, 320 (1971)). Here, Petitioner has never been indicted or arrested on the Tennessee warrants forming the basis for her detainer. Therefore, she cannot prevail in her Sixth Amendment claim, as prosecution has not yet commenced.

Additionally, because Petitioner's prosecution has not commenced against her in Tennessee, and she is not in Tennessee's custody, the Eighth Amendment is inapplicable to her claims. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001) ("The Eighth Amendment does not apply to pretrial detainees."); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Therefore, Petitioner has not stated a claim under the Eighth Amendment.

## III. CONCLUSION

The instant petition is unexhausted and without merit. Therefore, relief will be **DENIED**, and the petition will be **DISMISSED**. Additionally, it is **CERTIFIED** that any appeal from this decision would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE